**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RICHARD A. SIMONEAUX** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:26-cv-00041-TBM-RPM**

**TATE REEVES, et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on pro se Plaintiff Richard Simoneaux's failure to comply with Court Orders. Plaintiff is an inmate housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. [4], p. 1. He names Tate Reeves, Burl Cain, Gia McLeod, and Laura Denmark as Defendants. [4], pp. 2-3.

When Plaintiff filed his Complaint on February 11, 2026, he also filed a Motion [2] for Leave to Proceed *in forma pauperis* ("IFP") reflecting that he presently had $1,432.32 in his institutional inmate account. [2], p. 2. Insofar as the filing and administrative fees for this civil action total $405.00, Plaintiff's Motion [2] for Leave to Proceed IFP was denied on June 22, 2026. [8], pp. 2-3. He was granted 30 days from the entry of that Order to pay the requisite filing and administrative fees, and he was "warned that his failure to timely comply with the requirements of this Order or to advise this Court of a change of address . . . will result in the dismissal of this case without prejudice and without further written notice." [8], pp. 2-3. That Order [8] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [8] by the thirty-day deadline.

On July 27, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. [9], p. 1. Plaintiff's responsive deadline

was extended to August 10, 2026, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." [9], pp. 1-2. The Order to Show Cause [9] and a copy of the Court's June 22 Order [8] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable. Plaintiff did not comply with the Order to Show Cause [9] by the August 10 deadline.

On August 25, 2026, the Court entered a Second and Final Order to Show Cause [10], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [9] [8]." [10], p. 2. Plaintiff was ordered to file a written response on or before September 8, 2026. [10], p. 2. Plaintiff was also ordered, on or before the September 8 deadline, to comply with the Court's June 22 Order [8] "by submitting the $405.00 filing fee to the Court." [10], p. 2. Plaintiff was warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." [10], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [9] [8]." [10], p. 2. The Second and Final Order to Show Cause [10], a copy of the Order to Show Cause [9], and a copy of the Court's June 22 Order [8] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable.

Plaintiff has not complied with the Second and Final Order to Show Cause [10], and he has not communicated with the Court about his lawsuit since May 27, 2026. This inaction is despite being warned six times that a failure to comply with the Court's orders or to advise the Court of

his current mailing address may lead to the dismissal of his case. *See* [1-2], p. 1; [3], p. 1; [5], p. 2, [8], p. 2; [9], p. 2; [10], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [10] [9] [8], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 27th day of October, 2026.**

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**